IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3137 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| GARTH A. RUH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence of the defendant, Garth A. Ruh (filing 31).[1]  Ruh claims that the court erred in ordering restitution for meth lab cleanup costs because he was only convicted of possession with intent to distribute methamphetamine, not manufacturing.  The § 2255 motion will be denied because Ruh's claim is barred by (1) the procedural default doctrine and (2) the statute of limitations.

Ruh pleaded guilty to possession of 50 grams or more of methamphetamine with intent to distribute.  On April 26, 2004, was sentenced to a term of 60 months' imprisonment, followed by 5 years' supervised release, and was also ordered to pay

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

restitution to the DEA in the sum of $2,250.75. Pursuant to an amended judgment that was entered on June 29, 2004, Jeffrey Lachowski, a defendant in another case (4:03CR3139), was made jointly and severally liable for the restitution payment. Ruh did not appeal the sentence or the restitution order.

Lachowski did appeal, and he succeeded in having the restitution order in his case vacated. In a decision entered on April 29, 2005, the Court of Appeals found that it was plain error to impose restitution under 21 U.S.C. § 853(q) (applicable to "offenses involving the manufacture of methamphetamine") for possession with intent to distribute. See United States v. Lachowski, 405 F.3d 696 (8th Cir. 2005).

Issues that could have been, but were not, raised on direct appeal are deemed waived (procedurally defaulted) and cannot be asserted for the first time in a § 2255 motion, absent a showing of cause and actual prejudice, or a showing of actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998); Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir.1998). Ruh has not made either showing, but merely states that he previously was unaware of the applicable law. This does not constitute excusable "cause" for failing appeal the restitution order. See Duvall v. Purkett, 15 F.3d 745, 748 (8th Cir. 1994) (habeas petitioner's alleged ignorance was not an "external impediment" that caused his procedural default).

In any event, Ruh did not file his § 2255 motion until October 21, 2005, which is more than one year after the judgment (and the amended judgment) in this case became final.[2] The motion is thus time-barred.

---

[2] The one-year limitations period runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

Accordingly,

IT IS ORDERED that:

1. Defendant's § 2255 motion (filing 31) is denied; and

2. Judgment shall be entered by separate document.

January 26, 2006.                    BY THE COURT:

                                                          s/ *Richard G. Kopf*
                                                          United States District Judge

---

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Ruh does not claim that he was prevented by governmental action from filing the motion earlier, nor does he rely upon any newly recognized right or newly discovered facts.